IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL CHARLES CHADMAN, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.4:17-CV-700-Y |
| | § | |
| GRAHAM QUISENBERRY, Judge, | § | |
| 413th District Court, | § | |
| Parker County, Texas, *et al.* | § | |

**OPINION and ORDER OF DISMISSAL**
**UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)**

This case is before the Court for review of pro-se inmate/plaintiff Michael Charles Chadman's pleading under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After review and consideration of Chadman's claims, the Court finds and determines that all claims must be dismissed under authority of these provisions.

**I.    BACKGROUND/LIVE PLEADING SUBJECT TO REVIEW**

In this suit, after filing an original complaint, Chadman repeatedly filed numerous partial or piece-meal amended or supplemental pleadings (labeled as "motions", "correspondence", or "supplements"), even after the Court issued orders requiring him to organize his claims into one pleading. (Pleadings (docs. 8, 9, 12, 17, 18, 20, 21, 22, 26, 27, 28, 30, 31, 32, 33, 35, 36, 42, 43, 47, 50, and 52); Orders (docs. 25 and 29).) Recently, the Court directed Chadman to re-file a form civil-rights complaint with attachments to incorporate all of his claims into one final second

amended complaint.(Order for Plaintiff to File a Second Final Amended Complaint (doc. 58).) Chadman then filed a form civil-rights complaint with attachment pages, labeled as a second final amended complaint, and that document is the live pleading subject to review in this case.[1](Second Final Am. Compl.(doc. 61).) This pleading names as defendants attorneys James Wilson, Felipe Calzada, and Mike Berger; Parker County Sheriff Larry Fowler; Abigail Placke, district attorney, Parker County, Texas; NFN Griffin, assistant warden, LaSalle Corrections; Judy Herndon, foreperson, Parker County Grand Jury; and Graham Quisenberry, judge, 415th District Court, Parker County, Texas.[2] (*Id.* at 1-5.)

Chadman begins his pleading with an acknowledgment that he was originally detained in January 2017 on a parole "blue warrant" and held in the Parker County Jail, but was subsequently arrested and then later charged with both possession of a controlled substance and tampering with physical evidence.(*Id.* at 8.) He recites his efforts, beginning in late June 2017, to challenge his continued detention and the alleged failure to timely indict him within 180 days.(*Id.* at 8-10.) Chadman recites several events in the weeks and

---

[1]  The Court had advised Chadman that once the second final amended complaint with attachment pages was filed, it would look only to that document in reviewing his claims.(Order (doc. 58).)

[2]  In addition to listing these defendants in the "Parties to this Suit" section of his pleading, Chadman appears to also recite claims against the Parker County District Attorney's Office, the Parker County Grand Jury, Officer Van Zandt, unnamed Parker County deputies, and Lasalle Corrections. (Second Final Am. Compl. (doc. 61) at 4-5, 11-12, 17, 20, 21, 22.) Chadman's claims against these parties are also addressed herein.

months thereafter in which he sought to challenge what he believed to be his illegal detention. (*Id.*)

Chadman next organizes his pleading into a "claims" section (stating five claims regarding particular actions of defendants), and a separate "complaint" section reciting more particular factual allegations as to named defendants. (*Id.* at 11–23.) In the "claims" section, Chadman recites five claims, each involving several allegations (republished without editing by the Court):

Claim 1 – Not Indicted in 180 Days

1.Parker County District Attorneys Office presented information and instructions to Parker County Grand Jury, knowing that 180 days had expired to bring indictment against me on 7/13/2017 . . . .

2. Judge Quisenberry denied my application for writ of habeas corpus, knowing he was violating my rights. He then conspired with the DA Placke, allowing her to make false statements in court, concerning the provisions provided in Article 32.01 [Texas Code of Criminal Procedure] . . . .

3. The Parker County Grand Jury, Judy Herndon, foreman, conspired with Parker County District Attorneys Office and Parker Co deputies to illegally indict me, knowing that 180 days had expired . . . .

4. Felipe Calzada lied to me and told me that you don't have to be indicted in 180 days in "Parker Co." He then filed Motion for app. for writ of habeas corpus [sic], seeking release from custody and/or discharge of bail, "Parker County Rules," instead of release from custody and or discharge of bail, Art 32.01 . . . .

5. James Wilson lied to me and told me that you don't have to be indicted in 180 days in "Parker Co." He also refused to file motion for app. for writ of hab. cor [sic] with appeals court for me. He told me Art 32.01 was outdated . . . .

6. Lasalle Corrections lied to me on several occasions telling he that "Parker Co" only has to offer a P.R. bond if you are not indicted in 180 days . . .

7. Larry Fowler Parker Co. Sheriffs Dept. presented information and instructions to Parker Co. Grand Jury, knowing that 180 days had expired . . . .

8. Mike Berger withdrew as appeal counsel-saying you don't have to be indicted in 180 days.

Claim 2 - Ineffective Counsel

1. Felipe Calzada lied to me on numerous occasions and did not provide adequate counsel. He also conspired to keep me illegally detained . . . .

2. Mr. Wilson lied to me and refused to file motions for me. He also conspired to have me found insane. He also would not object when DA Placke submitted my oral statements to the court, knowing that I had not been Mirandized . . . .

3. Mike Berger withdrew from appellate counsel, knowing that I had at least 6 valid grounds for appeal, thereby denying me effective counsel . . . .

4. Judge Quisenberry denied me effective, unbiased counsel when he denied me new lawyer, even knowing that I had filed civil action on Mr. Wilson . . . .

Claim 3 — No *Miranda*

1. Officer Van Zant, Parker Co. Sheriffs Office arrested me 1/1/17, then illegally interrogated me for an hour, without being Mirandized in her police car. She then used illegal custodial interrogation statement to court to convict me . . . .

2. Mr. Wilson did not object to illegal seizure of statements made by me in court . . . .

3. DA Placke used police video in court against me, knowing that I had not been Mirandized, and video was illegal . . . .

4. Judge Quisenberry never made a ruling on my motions to suppress, knowing that prosecutions case was based on

illegal interrogation . . . .

5. Mike Berger withdraw as counsel, knowing that no
Miranda was valid for appeal . . . .

Claim 4 - Official Misconduct

1. DA Placke lied on numerous occasions to get a
conviction - Art 2.01. It shall be primary duty of pros.
Attorney, not to convict, but to see justice done. They
shall not suppress facts - she did suppress provisions of
Art. 32.01 repeatedly . . .

Claim 5 - Structural Errors

1. Judge Quisenberry
        A. Total deprivation of counsel at trial
        B. Bias of presiding judge, based on facts.

A. Judge Quisenberry placed Felipe Calzada under a
conflict of interest, making him go by "Parker Co. Rules"
when he applied for Motion for Writ of Habeas Corpus for
me 8/21/2017 . . .

B. Judge Quisenberry refused to re-cuse himself from my
trial. He knew that I had brought habeas and civil
proceedings against him and his court on 8/25/2017 . . .

(*Id.* at 11-15.)

In the "complaints" section, Chadman recites eight separate

complaints (republished without editing by the Court):

Complaint 1

I charge Graham Quisenberry, Judge, with misfeasance in
Public Office, Official misconduct, and with structural
errors in his prosecution of me in this case, when he
failed to dismiss prosecution for failure to indict in
180 days, and conspired with DA Placke to keep me
illegally detained, and he denied me unbiased, effective
counsel at trial, he also refused to re-cuse himself as
Judge in my trial, even though I had brought habeas and
civil action against him on 8/25/17, he still tried me
in jury trial on 1/16/18, being bias, in violation of my
rights.

5

Complaint 2

I charge Parker Co. District Attorneys Office Abigail Placke prosecuting attorney, with Official misconduct and conspiracy to illegally detain and indict me in this case. She also lied to the Court on numerous occasions to keep me illegally detained. She also prosecuted me in my jury trial, knowing that I had brought civil suit against her 8/25/2017.

Complaint 3

I charge James Wilson, public defender, with ineffective counsel, when he failed in his duty to give me unbiased, effective counsel. He lied to me on several occasions, telling me that I did not need to be indicted in 180 days in Parker County, thereby conspiring with District Attorney Placke and Judge Quisenberry, to keep me illegally detained in this matter. He also refused to step down as counsel even though I had filed ineffective counsel on him on 10/13/17, he still remained my counsel at trial of 1/16/18, denying me unbiased, effective counsel at trial.

Complaint 4

I charge Felipe Calzada, public defender, with ineffective counsel and neglect of duty, when he conspired with 415th Court to keep me illegally detained. He lied to me and told me that you don't have to be indicted in 180 days in "Parker Co.", and thereby neglected his duty to represent me.

Complaint 5

I charge Parker Co. Grand Jury, Judy Herndon, foreman, thru an administrative act, being impannelled by the District Judge, and instructed by Attorney representing the State, did conspire with Parker County Sheriffs [sic] Office and Parker County District Attorneys [sic] Office, to illegally indict me 7/13/17, knowing that time prescribed by law had expired.

Complaint 6

I charge Larry Fowler and his deputies with conspiracy with District Attorneys Office and Parker County Grand Jury to illegally indict me, knowing that 180 days had

expired Art. 32.01, and also for bringing oral statements to trial 1/16/17, knowing that they were illegally received, as no one Mirandized Plaintiff during his arrest or afterward, and illegal custodial interrogation was used in trial.

Complaint 7

I am charging LaSalle Corrections, as a joint tortfeasor, with Parker Co. Jail, in covering up the fact that I was being illegally detained. They knowingly lied to me, and told me that you did not have to be indicted in 180 days in Parker Co.

Complaint 8

I charge Mike Berger, appellate counsel, with ineffective counsel, for withdrawing as counsel on 8/17/18, Mr. Berger filed an *Anders* Brief with appellate Court stating that I had no valid grounds for appeal. I have 6 solid, valid grounds for appeal and Mr. Berger knew this, but he chose to conspire with 415th Court and declare that I had no non-frivolous grounds for appeal.

(*Id.* at 16–23.)

In the relief section of his pleading, Chadman seeks for this Court to "award me adequate compensation for illegal indictment and detainment, and violated rights in this case." (*Id.* at 6.)

## II.  RELATED CIVIL SUITS

Relevant to the Court's review of this civil-rights case is the fact that Chadman also filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in this district, challenging the convictions that arose out of the same conduct made the basis of this civil suit. *See Chadman v. Fowler,* No. 4:17-CV-703-O (N.D. Tex. Aug. 24, 2018 Opinion and Order and Judgment). This Court

takes judicial notice of the records of this district in that habeas-corpus case. See Fed. R. Evid. 201(b)(2) and (c)(1).

At the time of the entry of the opinion and order and judgment in that case, the Court determined that Chadman's pre-trial claims brought under § 2241 were moot because he had by then been found guilty and convicted on two charges. Closer review of the records of Chadman's convictions in that case show that they are the same charges he complains of in this civil-rights case. In this regard, the Court notes that that case recited:

> After a jury trial, Chadman was convicted of each charge on January 17, 2018 in the 415 District Court, Parker County, Texas. *Texas v. Chadman*, Nos. CR17-0425 and CR17-0427. Chadman was sentenced to 25 years for the tampering with physical evidence charge (CR17-0425) and sentenced 2 years for the possession of a controlled substance charge (CR17-0427) with the sentences to run concurrently. *Id*. Chadman appealed each judgment to the Court of Appeals, Second District of Texas. *See Chadman v. Texas*, Nos. 02-18-00016-CR (Tex. App.—Fort Worth) and *Chadman v. Texas*, No. 02-18-00017-CR (Tex. App.—Fort Worth) at http://search.txcourts.gov/Case.aspx?cn=02-18-00016-CR 02-1800017-CR)&coa=coa 02. In each appellate case, Chadman's counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and the cases remain pending before the state court of appeals. *Id*.

*Chadman v. Fowler*, No.4:17-CV-703-O (N.D. Tex. Aug. 24, 2018) (Opinion and Order). As of the date of this order, the appeals remain pending. *See Chadman v. Texas*, Nos. 02-18-00016-CR (Tex. App.—Fort Worth) and *Chadman v. Texas*, No. 02-18-00017-CR (Tex. App.—Fort Worth) at http://search.txcourts.gov/Case.aspx?cn=02-18-00016-CR 02-1800017-CR)&coa=coa02. Chadman has provided as exhibits to his pleading copies of several court documents filed in these

8

two cases in which he was convicted in the 415th Judicial District Court, Parker County, Texas; case number CR17-0425 and No. CR17-0427. (Second Final Am. Compl.(doc. 61)at 24-31, 34-39.)

## III. SCREENING UNDER § 1915A and § 1915(e)(2)(B)

Because Chadman is a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). And since he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2)(B). Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

9

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## IV. ANALYSIS

### (A). Claims Barred by Absolute Immunity

#### (1). Judicial Immunity

With regard to Chadman's claims against Judge Graham Quisenberry, judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 11 (1991)(citing *Forrester v. White*, 484 U.S. 219, 227-229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)); *see also Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction. *Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284.

Because any complained-of conduct by Judge Quisenberry was judicial in nature and was undertaken pursuant to the jurisdiction provided to the 415th Judicial District Court, Judge Quisenberry is entitled to absolute immunity from Chadman's monetary-damages claims, and such claims will be dismissed.

    (2). Prosecutorial Immunity

    Chadman asserts claims against Parker County Assistant District Attorney Abigail Placke.(Second Final Am. Compl. (doc. 61) at 3.) But Placke is entitled to absolute immunity for any claims for monetary damages asserted by Chadman. The Supreme Court has consistently held that acts undertaken by a government prosecutor in the course of his or her role as an advocate for the government are cloaked in absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The Supreme Court has further explained that absolute immunity is afforded based upon the prosecutor's acting "in his role as advocate for the State." *Imbler*, 424 U.S. at 431 n. 33. Here, even assuming Chadman's allegations against Placke are true, this defendant would have taken such action in her role as a prosecutor on behalf of the State of Texas. Thus, defendant Placke is entitled to absolute prosecutorial immunity from any claim for monetary damages, and such claims must be dismissed.


**(B). No Color of Law**

To assert a claim for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Vill. v. U.S. Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir.1993). As to Chadman's allegations against three different attorneys, Felipe Calzada, James Wilson, and Mike Berger, Chadman has failed to satisfy the second element. Chadman has failed to show that these private attorneys acted under color of law. Because an attorney, whether private or appointed, owes his only duty to the client and not to the public or the state, his actions are not chargeable to the state. *See Thompson v. Aland*, 639 F. Supp. 724, 728 (N.D. Tex.1986)(citing *Polk County v. Dodson*, 454 U.S. 312, 318 (1981)); *see also Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993). Furthermore, Chadman has made no allegation that these attorneys took action on behalf of the government.

Chadman does recite that each of the attorney defendants "conspired to illegally detain" him, but he has not alleged any particular facts to support such a conclusory statement. Conspiracy claims under § 1983 require that the claimant relate specific facts. *See Young v. Biggers*, 938 F.2d 565, 566 (5th Cir.1991)

("Plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based. Bald allegations that a conspiracy existed are insufficient") (quoting *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir.1987)). An allegation of the existence of a conspiracy does not state a claim. The operative facts of the conspiracy must be pled with particularity, not merely insinuated in broad, vague assertions. *Lynch,* 810 F.2d at 1370; *see Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992). Chadman's conclusory assertion of a "conspiracy to illegally detain" is not supported by sufficient facts to state a claim of a conspiracy to violate his rights.

As Chadman has not shown that his attorneys were acting under color of law, any claim for violation of his constitutional rights asserted through 42 U.S.C. § 1983 against the attorney defendants must be dismissed.

**(C). Conspiracy Claims Not Supported**

A similar analysis applies to Chadman's other claims that the named parties to his pleading were involved in a conspiracy. Chadman repeatedly writes that different defendants conspired with each other to "illegally detain him," and that other defendants "conspired to illegally indict me." (Second Final Am. Compl. (doc. 61) at 16-21.) But as with the conspiracy allegation recited above, Chadman sets forth absolutely no facts of any particular

interaction between named defendants related to any agreement with each other to violate Chadman's rights. Thus, to the extent Chadman asserts a claim against all defendants of a broad conspiracy to keep him detained and to illegally indict him, such claim must be dismissed.

**(D). Lack of Personal Involvement**

A claim of liability for violation of rights under 42 U.S.C. § 1983, regardless of the particular constitutional theory, must be based upon allegations of personal responsibility. *See Murphy v. Kellar,* 950 F.2d 290, 292 (5th Cir. 1992)("[A] plaintiff bringing a section 1983 action must specify the personal involvement of each defendant"); *Jacquez v. Procunier,* 801 F.2d 789, 793 (5th Cir. 1986)("In order to successfully plead a cause of action in § 1983 cases, plaintiffs must enunciate a set of facts that illustrate the defendants' participation in the wrong alleged"). At one point in his pleading, Chadman poses claims against Sheriff Larry Fowler "and his deputies," (Second Final Am. Compl. (doc. 61) at 21.) But Chadman does not then actually identify any Parker County deputy by name, and does not state any particular facts of any action taken by any Parker County deputy. Thus, to the extent Chadman has claims against unnamed deputies, those claims must be dismissed.

**(E). Limitation Upon Claims for Compensatory Damages under 42 U.S.C. § 1997e(e)**

As noted above, the only relief sought in this case is Chadman's claim for compensatory monetary damages. (*Id.* (doc. 61) at 6.) With the enactment of the PLRA, Congress placed a restriction on a prisoner's ability to recover compensatory damages without a showing of physical injury: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C.A. § 1997e(e)(West Supp. 2018). This physical-injury requirement has long been recognized as applying to claims under the Eighth Amendment. *See Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997). The United States Court of Appeals for the Fifth Circuit has held that § 1997e(e) applied to claims under the First Amendment as well, noting "it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). More recently, the Fifth Circuit rejected an inmate's claim that § 1997e(e) does not apply to a Fourth Amendment claim arising from a strip search, emphasizing that in *Geiger* the court noted that "1997e(e) applies

to *all federal civil actions,*" and noting that "[r]egardless of [Plaintiff's] invocation of the Fourth Amendment, his failure to allege any physical injury precludes his recovery of any compensatory damages for emotional or mental injuries suffered." *Hutchins v. McDaniels*, 512 F.3d 193, 196 (5th Cir. 2007) (emphasis in original). Another district court has applied the language of *Geiger* to hold that an inmate's claims for compensatory damages for violation of the Fourteenth Amendment, without showing physical injury, are barred by § 1997e(e). *See Rogers v. Newman*, No.5:04-CV-193-DCB-JCS, 2006 WL 1520298, at *1 (S.D. Miss. April 7, 2006).

A review of the allegations in Chadman's second final amended complaint shows that he has not asserted any claim of physical injury. Applying the above referenced holdings to the instant case, no matter the substantive constitutional violations asserted by Chadman, his failure to allege physical injury bars any claims for compensatory monetary damages.


**(F). Application of *Heck v. Humphrey***

With regard to the remaining claims against the defendants not yet addressed, including Parker County Grand Jury Foreperson Judy Herndon and the Parker County Grand Jury, Sheriff Larry Fowler, Assistant Warden Griffin and LaSalle Corrections, the Parker County District Attorney's Office, and Parker County Sheriff's Deputy Van Zant; and as an alternative ground for

16

dismissal of the claims against the defendants already addressed, the Court considers application of the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).

In the *Heck* case, the Supreme Court held that when a successful civil-rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Id*. at 486-87. A plaintiff does so by achieving "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). "[T]he *Heck* determination depends on the nature of the offense and of the claim." *Arnold v. Slaughter*, 100 F. App'x. 321, 323 (5th Cir. 2004) (citation omitted). Although the Heck opinion involved a bar to claims for monetary damages, a dismissal of a claim for injunctive and/or declaratory relief may also be made pursuant to *Heck*. *See Reger v. Walker*, 312 F. App'x. 624, 625 (5th Cir. 2009)(noting that claims, "whether for damages, declaratory judgment, or injunctive relief" are not cognizable in a § 1983 action because they imply the invalidity of conviction); *see also Clarke v. Stadler*, 154 F.3d 186, 190-91 (5th Cir. 1998)(en banc)(holding that a claim for

prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey*).

As explained above, Chadman recites several claims in this civil suit against officials arising from his arrest, his detention, his indictment, and ultimately related to his conviction on charges of tampering with physical evidence (CR17-0425) and possession of a controlled substance (CR17-0427). Specifically, Chadman claims that Officer Van Zant illegally interrogated him without giving him the warnings required by *Miranda v. Arizona*, 396 U.S. 868 (1969); that evidence resulting from the interrogation was used against him; that he was not indicted within 180 days; that the indictment was illegal; that he received ineffective assistance of counsel; that he was subjected to official or prosecutorial misconduct; and that he was subjected to bias by the presiding judge.(Second Final Am. Compl. (doc. 61) at 11–15.)

But a favorable ruling on each of these claims in this Court would necessarily imply the invalidity of Chadman's convictions in the state criminal cases. *See e.g., Conlan v. King,* 682 F. App'x 345, 345–46 (5th Cir. 2017)(claims of false arrest, forced self-incrimination, and illegal seizure of evidence barred by *Heck*); *Legate v. Garcia*, 582 F. App'x 287, 288 (5th Cir. 2014)("[A]ny claim that Legate was wrongly convicted based on due[-]process violations at trial would necessarily imply that his conviction is invalid")(citations omitted)); *Villegas v. Galloway,* 458 F. App'x

334, 337 (5th Cir. 2012)(civil-rights claims such as ineffective assistance of counsel, use of perjured testimony and fabricated evidence, and suppression of favorable evidence, barred by *Heck*); *Shaw v. Harris*, 116 F. App'x 499, 500 (5th Cir. 2004)(inmate's claims that defendants concealed or tampered with evidence, that prosecutor engaged in misconduct, and that he received ineffective assistance challenged validity of conviction and thus were barred by *Heck*); *Smith v. Gambrell,* 108 F. App'x 218, 218-19 (5th Cir. 2004)(per curiam)("Allegations of ineffective assistance and prosecutorial misconduct call into question the validity of [a] conviction"); *Taylor v. Stadler*, 193 F.3d 518, 1999 WL 707855, at *1 (5th Cir. 1999)(affirming dismissal of complaint challenging a state-court conviction and including challenge to the validity of the indictment as barred by *Heck*)(unpublished); *Muslin v. Anderson*, No.3:17-CV-620-FDW, 2017 WL 6503654, at * (W.D. N.C. Dec. 19, 2017) (holding that a successful claim that a court reporter altered transcripts to cover up evidence of judicial bias could implicate the validity of Plaintiff's underlying conviction such that the claim is barred by *Heck*); *Roberts v. Jack*, No. 3:14-CV-826-FKB, 2016 WL 4136490, at *2 (S.D. Miss. Aug. 3, 2016)(claim related to *Miranda* warnings barred by *Heck*)(citation omitted); *Robinson v. Wicker*, Nos. 3:15-CV-196-MPM-SAA, 3:15-CV-164-MPM-SAA, 2016 WL 4570538, at *3-4 (N.D. Miss. July 29, 2016) (finding challenge to length of pre-trial detention barred by *Heck* because any finding of a speedy trial violation would require dismissal of the

indictment)(citing *Krause v. Leonard*, 352 F. App'x 933, 935 (5th Cir. 2009), *R & R adopted*, 2016 WL 457073 (N.D. Miss. Aug. 30, 2016); *Evans v. Mendoza*, No.4:05-CV-759-Y, 2006 WL 3438627, at *2 (N.D. Tex. Nov. 14, 2006)(Means, J.)(claims challenging unlawful seizure of evidence later used in prosecution of plaintiff not cognizable under *Heck*); *see generally Boyd v. Biggers*, 31 F.3d 279, 282-83 (5th Cir. 1994)(noting that the *Heck* opinion itself arose from allegations by an inmate that he was the victim of a conspiracy by county prosecutors and a police investigator to destroy exculpatory evidence, and finding that plaintiff Boyd's § 1983 claims that a sheriff and police investigator had violated his rights during an underlying state trial by withholding exculpatory evidence, were barred by *Heck*).

But Chadman has not shown that his convictions have been reversed or set aside in any of the manners listed in *Heck*. As noted above, a review of the state-court records provided in Chadman's prior suit seeking relief under § 2241, as well as that suit itself, reveals that Chadman was convicted on the two charges——tampering with physical evidence (case CR17-0425) and possession of a controlled substance (case CR17-0427)——to which he raises constitutional challenges in this case.

Review of the records of these other proceedings shows that Chadman has not yet obtained any relief from any of these convictions in the manner set forth in *Heck*. *See Chadman v. Fowler supra*. Although Chadman filed direct appeals to the Court of

Appeals of Texas, Second District, those appeals are still pending. Chadman has not otherwise shown that he has obtained relief against these convictions through any favorable ruling on an application for writ of habeas corpus.

As Chadman has not shown that the two convictions to which he asserts constitutional challenges in this proceeding have been invalidated under *Heck*, his remaining claims under § 1983 are not cognizable at this time and must be dismissed. *See Heck*, 512 U.S. at 487-88; *see also Reger*, 312 F. App'x. at 625. The claims are "legally frivolous" within the meaning of 28 U.S.C. § 1915 and should be dismissed "with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

**V.    MOTION FOR COUNSEL**

Chadman has recently filed a motion for appointment of counsel. Because the Court has determined that all claims must be dismissed, the motion for appointment of counsel (doc. 63) is **DENIED**.

**VI.    CONCLUSION and ORDER**

For the foregoing reasons, all Chadman's claims against Felipe Calzada, James Wilson, and Mike Berger, his conspiracy claims, his claims against unnamed Parker County deputies, and his claims against all defendants for compensatory monetary damages,

are **DISMISSED WITH PREJUDICE** under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii); Chadman's claims for monetary damages against Judge Graham Quisenberry and Abigal Placke are **DISMISSED WITH PREJUDICE** under authority of 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii); and all of Chadman's remaining claims are **DISMISSED WITH PREJUDICE** to being asserted again until the *Heck v. Humphrey* conditions are met,[3] under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).

SIGNED August 2, 2019.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[3] *See Johnson*, 101 F.3d at 424.